IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAINON L. JONES, | CASE NO. 4:22-CV-00764-SL |
| Petitioner, | DISTRICT JUDGE SARA LIOI |
| vs. | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| WARDEN F. GARZA, | |
| Respondent. | **REPORT & RECOMMENDATION** |

Petitioner Dainon L. Jones filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. *See* Doc. 1. He challenges the determination reached by the Bureau of Prisons that he is ineligible under the First Step Act of 2018 for time credits. Doc. 1-1; *see* Pub. L. 115-391, § 101(a), 132 Stat. 5194 (codified at 18 U.S.C. § 3632(d)(4)). The Court referred this matter under Local Rule 16.2 to a Magistrate Judge for preparation of a report and recommendation. Doc. 4. For reasons stated below, I recommend that the Court grant Jones's petition.

*Background*

Jones was indicted in a two-count indictment returned in the Northern District of Ohio in December 2017. *United States v. Jones*, No. 4:17-cr-524 (Dec. 12, 2017), ECF No. 8. Count one charged Jones with conspiracy "to possess with the intent to distribute and to distribute 100 grams of more of a mixture and substance containing a detectable amount of [phenyl fentanyl] (a fentanyl analogue[]), a Schedule I controlled substance, in violation of" 21 U.S.C. § "841(a)(1) and 841(b)(1)(A)(vi)" and

21 U.S.C. § 846. *Id.* at 1–2. The second count was later dismissed. *See* Doc. 14, at 52, 55.

Jones entered into a plea agreement in which he agreed to plead guilty to conspiracy in violation of 21 U.S.C. § 846. Doc. 14, at 5. For purposes of calculating his sentencing guideline, Jones agreed that he qualified as an organizer or leader. *Id.* at 8. He also agreed that the amount of drugs "attributable to [his] actions and reasonably foreseeable within the conspiracy was at least 100 grams, but less than 300 grams of fentanyl analogue." *Id.* at 11.

In May 2018, the Court held a sentencing hearing during which it stated that it would "find the defendant guilty of Count 1 in which he's charged with conspiring to possess with the intent to distribute, and conspiring to distribute Phenyl Fentanyl, in violation of 21[] U.S.C.[] Section 846, 841(a)(1), and (b)(1)(A)." Doc. 14, at 41. During the hearing, the Court determined that Jones was "responsible for 294 grams of the Fentanyl analog" and "that [he] should have a two-level increase as an organizer or leader or manager of the criminal activity." *Id.* at 42. Near the conclusion of the hearing, the Court sentenced Jones to 121 months' imprisonment. *Id.* at 49.

Jones then filed a motion to vacate, set aside, or correct his sentence. *United States v. Jones*, No. 4:17-cv-00524, 2019 WL 6311501, at *1 (N.D. Ohio Nov. 25, 2019). In denying the motion, the Court made clear that "Jones pleaded guilty to one count of conspiracy." *Id.* In rejecting one of Jones's arguments, the Court said that although "the analysis of the substances in the two packages sent to Jones showed that one

2

package contained 273.67 grams of methoxyacetylfentanyl while the other contained 21.12 grams of phenylfentanyl[,] [b]oth are fentanyl analogues." *Id*. at *4.

Meanwhile, Congress passed the First Step Act, which, among other things, "establish[ed] a 'risk and needs assessment system' allowing [certain] prisoners … to earn credits to be applied toward time in prerelease custody or supervised release. *Turner v. Keyes*, No. 22-cv-321-WMC, 2022 WL 4094070, at *1 (W.D. Wis. Sept. 7, 2022). Congress gave the Attorney General 210 days to "develop and release publicly on the Department of Justice website a risk and needs assessment system." 18 U.S.C. § 3632(a). "The Attorney General released the system on July 19, 2019." *Martin v. LeMaster*, No. 21-6247, 2022 WL 18145207, at *1 (6th Cir. Oct. 19, 2022). After the Bureau of Prisons issued a proposed rule implementing the Act,[1] *see* FSA Time Credits, 85 Fed. Reg. 75268 (Nov. 25, 2020), Jones filed an administrative request seeking time credits, *see* Doc. 1-2, at 3.

Warden Mark K. Williams denied Jones's  request in June 2021. *Id.* In his written explanation, Warden Williams said that Jones was ineligible  because he had "a conviction for U.S.C. 21:841 (a) (1), (b) (1), (A) (vi), 21:846, Conspiracy to Possess With Intent to Distribute and Distribution of Phenylfentanyl as indicated on your Judgment." Doc. 1-2, at 3. Warden Williams informed Jones that he could appeal to Bureau's regional director. *Id*.

---

[1]      The Bureau issued a fine rule in 2022. *See* FSA Time Credits, 87 Fed. Reg. 2705 (Jan 19, 2022).

Jones filed an administrative appeal in which he said that he was only convicted of conspiracy under 21 U.S.C. § 846 and that phenyl fentanyl was not a controlled substance. Doc. 1-2, at 5. Ian Connors, National Inmate Appeals Administrator, denied Jones's appeal in December 2021. *Id*. at 6. By way of explanation, Connors said that his review revealed that Jones was "ineligible for [credits] under the First Step Act due to [his] current offense." *Id*. Connors added that under the Act:

> [a]n eligible prisoner means the prisoner is not currently serving a sentence for conviction that is on the list of ineligible offenses as listed in the [Act] and 18 U.S.C. § 3632(d)(4)(D). In your case, your current conviction for 21 U.S.C. § 841(a)(1), (b)(1)(A), 21 U.S.C. § 846, Conspiracy to Possess With Intent to Distribute **and** Distribution of Phenylfentanyl, precludes you from eligibility. In addition, you received a role enhancement for having a leadership role in the criminal activity.

*Id*. (bolded in original).

Jones filed this action in May 2022. Doc. 1. He argues that conspiracy is not among the 68 categories of ineligible offenses listed in Section 3632(d)(4)(D) and that the Bureau lacks the authority to expand the statutory list of ineligible offenses. Doc. 1-1, at 9; *see id*. at 11–17. Jones also explains why the Bureau was mistaken to say that he was convicted of anything other than conspiracy. *Id*. at 9–10.

In his return, Respondent Warden Garza asserted that Jones pleaded guilty to "conspiracy to possess with intent to distribute *and distribution* of Phenylfentanyl in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(A)(vi), and 846." Doc. 7, at 1–2 (emphasis added). The Warden implied that Jones's ineligibility for time credits is based on the

4

trial court's finding "that '[Jones's] offense involved a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof; and ... the offender was an organizer, leader, manager, or supervisor of others in the offense." *Id.* at 2. This language mirrors the language found in the eligibility bar found at 18 U.S.C. § 3632(d)(4)(D)(lxiii).[2] And the Warden later confirmed that he was relying on Clause (lxiii). Doc. 7, at 3.

Despite what the Bureau said in rejecting Jones's administrative claim and appeal—that Jones was convicted of *both* distribution and conspiracy to distribute, Doc. 1-2, at 6—the Warden argued that the Bureau "determined that Jones is ineligible for time credits because, in establishing the § 846 conspiracy, one of the § 841(b) penalties in § 3632(d)(4)(D) was at issue." Doc. 7, at 2. The Warden did not explain where one might go to find this "determin[ation]," but he added that "[t]his

---

[2]    Under Section 3632(d)(4)(D)(lxviii):

[a] prisoner is ineligible to receive time credits ... if the prisoner is serving a sentence for a conviction under ...

Subparagraph (A)(vi) or (B)(vi) of [21 U.S.C. 841(b)(1)] ... relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance, or knowingly importing or exporting a controlled substance, if the sentencing court finds that - -

(I) the offense involved a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof; and
(II) the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission.

5

interpretation is reasonable." *Id*. The Warden went on to argue that Jones's conspiracy conviction under 21 U.S.C. § 846 incorporates 21 U.S.C. § 841(b) such that it would be "inconsistent" to "only preclude[] those inmates sentenced under § 841(b) for § 841(a) offenses from earning time credits and not those inmates sentenced under § 841(b) for § 846 drug conspiracies." *Id*. at 2–3. The Warden ended, however, with the assertion that Jones "was convicted of Conspiracy to Possess with Intent to Distribute and Distribution of Phenylfentanyl." *Id*. at 3.

Seeking clarity, I directed the Warden to file Jones's judgment of conviction and evidence supporting its reliance on a provision dealing with N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide. Doc. 11, at 3. I also directed the Warden to explain the basis for the Warden's belief that Jones's "offense involved a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof." *Id*. at 3–4. In doing so, I noted that caselaw might support the idea that the eligibility bar cited by the Warden doesn't apply. *Id*. at 3 n.4.

The Warden responded, Doc. 12, but I found it necessary to direct an additional response explicitly explaining the basis for the idea that phenyl fentanyl is equivalent to, or an analogue of, N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide. Doc. 15. The Warden responded that N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide is the chemical name for fentanyl and both "Methoxyacetyl fentanyl and

Phenyl fentanyl are analogues" of it and "Schedule[] I controlled substances." Doc. 17, at 1.

This petition is now ripe for decision.

*Discussion*

A claim, such as the one Jones presents, for time credits is cognizable under 28 U.S.C. § 2241. *Barroca v. Quintana*, No. 20-5165, 2021 WL 3519335, at *2 (6th Cir. May 19, 2021); *see Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) ("In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself."). Questions of statutory interpretation are reviewed de novo. *United States v. Windham*, 53 F.4th 1006, 1010 (6th Cir. 2022).

"Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 232 (6th Cir. 2006); *see Campbell v. Barron*, 87 F. App'x. 577 (6th Cir. 2004) (affirming, due to a failure to exhaust administrative remedies, the dismissal of a § 2241 petition that sought good-time credit). Jones's evidence shows that he exhausted his available administrative remedies, Doc. 1-2, at 3, 5, and Warden Garza does not claim otherwise.

The First Step Act's "risk-and-needs-assessment system" allows prisoners who successfully participate in "evidence-based recidivism reduction programming or productive activities" to earn credits to be applied toward time in prerelease custody or supervised release. *See* 18 U.S.C. § 3632(d)(4). But certain prisoners are ineligible

for credits. In Section 3632(d)(4)(D), Congress lists 68 categories of ineligible prisoners. This case thus comes down to whether Jones falls within any of those categories, which I'll refer to as eligibility bars. If he does, he's ineligible.

A careful reader might have guessed the first problem with the case. Both Jones and the Warden now agree that, as the Court made clear, *see Jones*, 2019 WL 6311501, at *1, Jones was only convicted of conspiracy under 21 U.S.C. § 846. But after Jones in his administrative appeal pointed out that he was convicted of conspiracy under 21 U.S.C. § 846, which is not listed in Section 3632(d)(4)(D), Connors responded—with emphasis—that Jones was ineligible because he was convicted of "Conspiracy to Possess With Intent to Distribute **and** Distribution of Phenylfentanyl." Doc. 1-2, at 6. So he thought that Jones was guilty of the distribution that was the object of the conspiracy and that Jones's guilt of that offense made Jones ineligible. As I've noted, however, Connors was mistaken. *See* Doc. 14, at 6; *see also United States v. Warren*, 5 F.4th 1078, 1081 (9th Cir. 2021).[3]

---

[3]     In *Warren*, the Ninth Circuit said that:

> The inclusion of statutory references to both the conspiracy statute and the sections describing the object of the conspiracy does not transform the judgment into one that describes a conviction of the substantive crime. The judgment, in sum, cannot properly be read to suggest that Defendant was convicted of more than one crime, nor can it properly be read to suggest that Defendant stands convicted of the crime that was the object of the conspiracy.

5 F.4th at 1081.

And that leads to a second problem. The Warden now says that the Bureau "*determined* that Jones is ineligible for time credits because, in establishing the § 846 conspiracy, one of the § 841(b) penalties in § 3632(d)(4)(D) was at issue." Doc. 7, at 2 (emphasis added). Presumably, the Warden means that the relevant eligibility bar applies because those guilty of conspiracy are punished as provided in Section 841(b). *See id*. at 2–3. But that is nearly the opposite of what the Bureau said. *See* Doc. 1-2, at 5. The Bureau never said anything like what the Warden now asserts—at least not in any document that the parties have provided. Instead, Connors responded to Jones's appeal and said that Jones was ineligible *because* he was convicted of distribution. Doc. 1-2, at 5.

The Bureau based its decision on an incorrect view of the facts. When an agency bases its decision on an incorrect view of the facts the usual, perhaps "preferred[,] course" is remand. *Pension Ben. Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990); *see Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). But what if the Bureau had the law right? In other words, if a conviction for conspiracy to distribute fentanyl or its analogues categorically implicates Section 3632(d)(4)(D)(lxviii)—if Jones's ineligibility is a statutory fait accompli—it might be appropriate to reject Jones's petition despite the Bureau's mistake. Afterall, "judicial review of agency action [is not] a ping-pong game," and if "[t]here is not the slightest uncertainty as to the outcome[,] … [i]t would be meaningless to remand." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (plurality op.). As it turns out, however, the Bureau is also wrong on the law.

Ordinarily, when confronted with a statute administered by an agency, a court would determine whether the statute is ambiguous and if so, whether it would be appropriate to defer to the agency's interpretation of the statute. *See DV Diamond Club of Flint, LLC v. Small Bus. Admin.*, 960 F.3d 743, 746 (6th Cir. 2020) (order). The Bureau "is the agency charged with implementing" the Act. *Lopez v. Terrell*, 654 F.3d 176, 181 (2d Cir. 2011). But here, the Bureau merely offered a conclusion, based on mistaken factual premise, that Jones is ineligible. It offered no analysis and thus nothing to defer to. *See Lallave v. Martinez*, -- F. Supp. 3d --, No. 22-cv-4136, 2022 WL 7578794, at *8 (E.D.N.Y. Oct. 13, 2022) (giving "little to no effect to [the Bureau's] interpretation because the Bureau offered no 'rationale or explanation for its interpretation of the statute'").

And although the Warden now offers what the Warden says is a "reasonable" interpretation, Doc. 7, at 3, that interpretation was not adopted by the agency when it decided that Jones is ineligible. So deference is not an issue and I'll move straight to what the statute says. *Cf. Turner*, 2022 WL 17338577, at *2 (holding that when the "government does not contend that the court should defer to the [Bureau's] finding[,] … the government has at least forfeited … any argument in favor of deferring to the [Bureau's] reasoning").

As noted, Congress set out in Section 3632(d)(4)(D) 68 categories of ineligible prisoners. At least according to the provision on which the Bureau implicitly relied, Doc. 1-2, at 5, and which the Warden cited in his return, Doc. 7, at 3, Jones is ineligible if he is "serving a sentence for a conviction under" 21 U.S.C. 841(b)(1)(A)(vi)

10

or (B)(vi) "relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance, or knowingly importing or exporting a controlled substance."[4] 18 U.S.C. § 3632(d)(4)(D)(lxiii). So the question is whether Jones is "serving a sentence for a conviction under" 21 U.S.C. § 841(b)(1)(A)(vi) or (B)(vi).

As already discussed, Jones is serving a sentence under 21 U.S.C. § 846, which is self-evidently not 21 U.S.C. § 841. And the fact that Jones was sentenced based on the penalty for committing the object of his conspiracy, which is what Section 846 requires,[5] "'does not transform [his] judgment into one that describes a conviction of the substantive crime … that was the object of the conspiracy.'" *Noe v. True*, No. 21-1373, 2022 WL 5080196, at *10 (10th Cir. Oct. 5, 2022) (quoting *Warren*, 5 F.4th at 1081). Indeed, distribution and conspiracy to distribute are "distinct offenses." *Pinkerton v. United States*, 328 U.S. 640, 643 (1946).

Further, the language and structure of the statute support Jones's argument that the eligibility bar doesn't apply to a conspiracy conviction. Courts "must presume

---

[4]     The relevant eligibility bar also requires that the substance at issue was fentanyl or its analogues and that Jones "was an organizer, leader, manager, or supervisor of others in the offense." 18 U.S.C. § 3632(d)(4)(D)(lxiii). The Court found that the substance involved in Jones's offense was a fentanyl analogue and that Jones was an organizer or leader or manager of the criminal activity. Doc. 14, at 42; *see* Doc. 17, at 1 (explaining that the chemical name listed in Clause (lxiii) refers to fentanyl and the substances involved in Jones's case are fentanyl analogues). These ineligibility requirements were thus met.

[5]     Section 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

that Congress 'says in a statute what it means and means in a statute what it says there.'" *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019) (quoting *Connecticut Nat. Bank v. Germain*, 503 U. S. 249, 254 (1992)).

Congress went to the trouble to list 68 different categories of ineligible prisoners but was "silent as to § 846." *Turner*, 2022 WL 17338577, at *3; *see Noe*, 2022 WL 5080196, at *10. As one court has remarked, Congress's inclusion of 68 categories of ineligible convictions while omitting Section 846 convictions neither "signal[s] an intent to disqualify individuals convicted under that statute …, nor does it even create an ambiguity as to that statute." *Id.* Moreover, "if Congress [had] intended to exclude prisoners who [are] *serving a sentence imposed under*" Section 841, rather than those who are "*serving a sentence for a conviction under*" Section 841, "it could have excluded the phrase 'for a conviction [under]'" from the statute." *Id.* (emphasis added) But Congress didn't do that; it chose to employ the phrase *for a conviction under*, not *serving a sentence under*.

Additionally, had Congress said that ineligible convictions "include" the 68 categories listed in subparagraph (D), its use of *include* would have been a good indication that the list was non-exclusive. *See Samantar v. Yousuf*, 560 U.S. 305, 317 & n.10 (2010). But Congress did not use *include* to start the list and instead provided that ineligibility flows from "the following provisions," which it listed specifically by statute. This shows that the list is exclusive.

It is true that Clause (lxviii) uses the phrase "relating to"; it references a conviction under 21 U.S.C. § 841(b)(1) "relating to" a list of activities, including

12

distributing fentanyl. And relating to is typically interpreted "broad[ly]." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383–84 (1992). Moreover, it is difficult to argue that a conspiracy doesn't stand in relation to its object. *Cf. United States v. O'Neal*, 835 F. App'x 70, 72 (6th Cir. 2020) ("If attempts did not relate to their intended outcome, how else could their relationship be explained?"). But the statute's use of *relating to* doesn't help the Warden because the threshold premise for the application of Clause (lxviii) is that the conviction at issue falls under Section 841 in the first place. So "the statutory context" in which *relates to* is used "limit[s] its reach."[6] *Id.*

For his part, the Warden says that "it would lead to an inconsistent result if the [Bureau] only precluded those inmates sentenced under § 841(b) for § 841(a) offenses from earning time credits and not those inmates sentenced under § 841(b) for § 846 drug conspiracies." Doc. 7, at 2–3. Other than saying it, the Warden doesn't explain what would be inconsistent about that result. Perhaps by inconsistent, the Warden means that the result would be odd or unexpected. And that may be so, but that alleged oddity is not enough to avoid the statute's language. *See Pub. Citizen v. U.S. Dep't of Just.*, 491 U.S. 440, 470 (1989) (explaining that a court may avoid a statute's "plain language" if following it "would lead to 'patently absurd consequences[] that 'Congress could not possibly have intended'") (Kennedy, J.) (concurring).

---

[6]     This point is driven home when one considers that the list of activities in Clause (lxviii) simply mirrors the list of prohibited activities in Section 841(a)(1), from which the list is obviously drawn.

Given the above, the *Wyman-Gordon* exception does not apply. The Court should thus grant Jones's petition and remand for a new determination of Jones's eligibility for time credits.[7] *See Turner*, 2022 WL 17338577, at *4; *cf. Foos v. Eischen*, No. 22-398, 2023 WL 2795860, at *3 (D. Minn. Mar. 14, 2023) ("find[ing] the rationale … in *Turner* and *Noe* compelling," although ultimately not deciding the issue), *report and recommendation adopted*, 2023 WL 2795480 (D. Minn. Apr. 5, 2023).

Dated: April 18, 2023

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).

---

[7]  I recommend that the Court deny as moot Jones's motion for summary judgment, *see* Doc. 10, and his motion to take discovery and for an evidentiary hearing, *see* Doc. 18.